UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JERRY REESE                                                                           PLAINTIFF
ADC #658359

V.                        NO. 3:18CV00243-KGB-JTR

P. MARSHALL, Administrative Assistant;
SUSAN COX, Nurse;
STEVENROREX, Administrator; and
RORIE, Deputy,
Poinsett County Sheriff's Department                                                  DEFENDANTS

## ORDER

Plaintiff Jerry Reese ("Reese") is a prisoner in the North Central Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights while he was a pretrial detainee in the Poinsett County Jail. *Doc. 2.* Before Reese may proceed with this case, the Court must screen his claims.[1]

Reese alleges that, during his arrest, he was kneed in the back, causing pain. He alleges that, when he arrived at the Poinsett County Jail on an unspecified date:

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

(1) he was required to sleep on the floor on a mat with no padding; (2) he received no medical attention for fifty-seven days; and (3) his grievances went unanswered. He alleges that, on September 24, 2018, he was finally seen by "a doctor," who prescribed over-the-counter medication. According to Reese, he was transferred to the ADC two days later. As Defendants, he names Administrative Assistant P. Marshall, Nurse Susan Cox, Administrator Steven Rorex and Deputy Rorie; however, he does not make any specific factual or legal allegations against any of them.

The Court needs additional information from Reese to complete § 1915A screening. Thus, Reese must file an Amended Complaint explaining: (1) the specific dates that he was subjected to the challenged conditions of confinement; (2) how long he was required to sleep on a floor mat; (3) how he was harmed by sleeping on a floor mat and being denied medical care; (4) how each of the named Defendants *personally participated* in violating his constitutional rights; and (5) *why* he has named Defendants only in their official capacities.

IT IS THEREFORE ORDERED THAT:

1.  The Clerk is directed to mail Reese a § 1983 complaint form that is labeled "Amended Complaint."

2.  Reese must file, **within thirty days of the date of this Order,** an Amended Complaint that complies with the instructions in this Order. If he does not

timely and properly do so, this case will be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this 14th day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE