# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

| | |
|---|---|
| JERRY REESE<br>ADC #658359 | PLAINTIFF |
| V. No. 3:18CV00243-KGB-JTR | |
| P. MARSHALL, Administrative Assistant;<br>SUSAN COX, Nurse; STEVEN ROREX,<br>Administrator; and RORIE, Deputy,<br>Poinsett County Sheriff's Department | DEFENDANTS |

## ORDER

Plaintiff Jerry Reese ("Reese") is a prisoner in the North Central Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint and Amended Complaint alleging that Defendants violated his constitutional rights while he was a pretrial detainee in the Poinsett County Jail. *Docs. 2 & 5.*[1] Before Reese may proceed with this case, the Court must screen his allegations.[2]

---

[1] The Court has construed Reese's *pro se* Complaint and Amended Complaint, together, as constituting his claims. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (*pro se* complaint must be "liberally construed" and "*pro se* litigants are held to a lesser pleading standard than other parties"); *Kiir v. N.D. Pub. Health,* 651 Fed. Appx. 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint" should be read together with original complaint).

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c)

Reese alleges that: (1) on July 27, 2018, Defendant Deputy Rorie used excessive force in arresting him, causing a back injury; and (2) after Reese was booked into the Poinsett County Jail, Defendants Nurse Susan Cox, Jail Administrator Steven Rorex and Administrative Assistant P. Marshall subjected him to inhumane conditions of confinement, denied and delayed medical care for his back injury, and refused to respond to his grievances about these matters.

The Court concludes, *for screening purposes only*, that Reese has pled a viable § 1983 claim against each of the Defendants. Thus, service will be ordered.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to prepare a summons for Nurse Susan Cox, Jail Administrator Steven Rorex, Administrative Assistant P. Marshall, and Deputy Rorie at the Poinsett County Detention Center. The United States Marshal is directed to serve the summons, Reese's Complaint and Amended Complaint (*Docs. 1 & 5*), and this Order, on them without prepayment of fees and costs or security therefor. If any of the Defendants are no longer Poinsett County employees, the individual responding to service must file a **sealed** statement providing the unserved Defendant's last known private mailing address.

---

seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

DATED this 7th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE